## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2020, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

William H. Mullis
William H. Mullis, P.C.
Mitchell, Indiana

John-Paul H. Isom
Isom Law Office, P.C.
Paoli, Indiana

ATTORNEY FOR APPELLEE

Jennifer Tucker Young
Tucker and Tucker, P.C.
Paoli, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wanda M. Self and Anthony L. Self,

*Appellants-Defendants,*

v.

The Estate of Ralph E. Collins,

*Appellee-Plaintiff*

January 29, 2020

Court of Appeals Case No. 19A-PL-811

Appeal from the Orange Circuit Court

The Honorable Joseph L. Claypool, Special Judge

Trial Court Cause No. 59C01-1607-PL-178

**Crone, Judge.**

## Case Summary

Following a bench trial, the trial court concluded that Wanda M. Self and her son Anthony L. Self converted $35,000 that belonged to the late Ralph E. Collins, and the court awarded Collins's estate ("the Estate") $87,500 in damages plus $20,000 in attorney's fees. The Selfs now appeal, arguing that the trial court erred in concluding that they converted Collins's property. We reverse the trial court's ruling as to Anthony but affirm it as to Wanda.

## Facts and Procedural History

The relevant facts are undisputed. Wanda and Collins lived together as a couple for thirty years, during which she prepared and signed practically all checks for a checking account owned by Collins, for which she was Collins's agent. In August 2006, Wanda wrote a check on the account for $34,000; the check was made out to Wanda and purportedly signed by Collins but was actually signed by Wanda. Wanda deposited the funds into a joint checking account bearing her name and Anthony's name. Wanda then wrote a check on that account to purchase a $20,000 certificate of deposit issued in her name and Anthony's name. The certificate of deposit signature card, which is signed only by Wanda, states that it is a joint account with rights of survivorship. Ex. Vol. at 44. In February 2011, Wanda wrote another check on Collins's account for $1000; the check was made out to cash and purportedly signed and endorsed by Collins but was actually signed and endorsed by Wanda. Wanda did not tell Collins about any of these transactions.

[3] In 2012, Wanda became a joint owner of Collins's account. In 2016, Collins discovered that his account was depleted. In July of that year he filed a complaint against Wanda and Anthony alleging undue influence and requesting the imposition of a constructive trust.[1] In September 2016, the Selfs filed a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6), which the trial court denied. In March 2017, Collins filed an amended complaint alleging conversion. Collins died in May 2017, and the Estate was substituted as plaintiff.

[4] A bench trial was held in July 2018. The Selfs requested findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). In October 2018, the trial court issued an order that sets out the foregoing facts. The court concluded that Wanda committed constructive fraud as Collins's agent and further concluded as follows:

> 7. In addressing this case, the following applies:
>
> a. The principal agent relationship created a duty;
>
> b. Wanda M. Self remained silent that she had taken $34,000.00 from the account over which she

---

[1] According to Collins's son Thomas, Wanda was hospitalized in 2016, and Collins wanted Thomas "to get his checkbook and pay his bills for him…. There should have been over $300,000 [in the account, primarily from sales of farmland in 2006 and 2009], and there wasn't anything to speak of." Tr. Vol. 2 at 74, 81. Collins became "[v]ery upset" and confronted Wanda when she came home from the hospital. *Id*. at 82. Wanda told him "he had no money." *Id*. Aside from the foregoing transactions, the trial court found that "[t]he depletion of cash assets indicated by the amount left for [Collins] at the time of assessment of funds available for [Collins] cannot, from the evidence presented, be attributable to the actions of either [Wanda or Anthony]." Appealed Order at 3.

was agent for Ralph E. Collins, when she had a duty to tell Ralph E. Collins what she had done;

c. Wanda M. Self remained silent that she had taken $1,000.00 from the account over which she was agent for Ralph E. Collins, when she had a duty to tell Ralph E. Collins what she had done.

d. Ralph E. Collins's account was depleted by the $35,000.00 which Wanda M. Self took to her son's and her benefit by filling in two (2) checks and signing Ralph Collins's name on those checks;

e. Ralph E. Collins lost $35,000.00; and

f. Defendants Wanda M. Self and her son Anthony L. Self secured $35,000.00 that they should not have received.

8. Indiana code section 35-43-4-3 provides the person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor. Pursuant to IC 34-24-3-1, if a person suffers pecuniary loss as a result of a violation of Ind. Code § 35-43, the person may bring a civil action against the person who caused the loss for an amount not to exceed three times the actual amount of the damages of [the] person suffering the loss[,] costs of the action, reasonable attorney fees, actual travel expenses, and compensation for lost time, among other damages.

**JUDGMENT**

Plaintiff, Estate of Ralph E. Collins, is entitled to and shall receive judgment against the defendants, Wanda M. Self and Anthony L. Self, in the sum of $87,500.00 (2.5 × actual damages of $35,000.00) together with interest from the date of this

judgment until paid at the statutory rate. Further, Plaintiff shall recover and receive attorney fees and expenses attributable to the prosecution of this cause of action. The Court shall hold a hearing as to interest, attorney fees and other allowable costs and expenses to determine the amount thereof.

Appealed Order at 5-6 (citation and underlining omitted).

The Selfs filed a motion to correct error, which was denied, and the trial court entered judgment in favor of the Estate for $20,000 in attorney's fees plus interest. This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court clearly erred in concluding that Anthony converted Collins's property.

We first address the Selfs' argument that the trial court erred in concluding that Anthony converted Collins's property.[2] Where, as here, a party has requested findings of fact and conclusions thereon pursuant to Trial Rule 52(A), we engage in a two-tiered standard of review. *Bowyer v. Ind. Dep't of Nat. Res.*, 944 N.E.2d 972, 983 (Ind. Ct. App. 2011). We determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* We will set aside the trial court's findings and conclusions "only if they are clearly

---

[2] The Selfs also argue that the Estate's amended complaint fails to state a claim against Anthony. But they did not file a motion to dismiss the amended complaint pursuant to Trial Rule 12(B)(6) or raise the issue at trial pursuant to Trial Rule 12(H). They cite no authority for the proposition that they preserved the issue for appeal by summarily asserting failure to state a claim as an affirmative defense in their answer to the amended complaint pursuant to Trial Rule 8(C). Consequently, we do not address this argument.

erroneous, that is, if the record contains no facts or inferences supporting them." *Purnell v. Purnell*, 131 N.E.3d 622, 627 (Ind. Ct. App. 2019), *trans. denied*. An inference may fail as a matter of law when it rests on nothing more than speculation or conjecture. *In re M.W.*, 869 N.E.2d 1267, 1270 (Ind. Ct. App. 2007). A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Bowyer*, 944 N.E.2d at 983-84. We neither reweigh the evidence nor assess witness credibility, but consider only the evidence most favorable to the judgment. *Id*. We review legal conclusions de novo. *Id*.

[7]     "The elements necessary to establish a civil cause of action for conversion are found in the criminal conversion statute, although a plaintiff in a civil conversion action is required to prove those elements only by a preponderance of the evidence." *McKeighen v. Daviess Cty. Fair Bd.*, 918 N.E.2d 717, 723 (Ind. Ct. App. 2009). A person commits conversion by knowingly or intentionally exerting unauthorized control over property of another person. Ind. Code § 35-43-4-3(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). And "[a] person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). To "exert control over property" is "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." Ind. Code § 35-43-4-1(a). That

control is unauthorized if it is exerted "without the other person's consent[.]" Ind. Code § 35-43-4-1(b)(1).

[8] The Selfs assert that the Estate presented no evidence that Anthony ever knowingly or intentionally exerted unauthorized control over the funds that Wanda withdrew from Collins's account. We agree. Collins's son Thomas testified that he did not believe that Anthony wrote any checks on Collins's account and that he had "no idea" whether Anthony "was involved in taking any money from" Collins. Tr. Vol. 2 at 100. Anthony denied having any involvement in or knowledge about Wanda's transactions involving the $34,000 check,[3] and he was asked no specific questions about the $1000 check. The Selfs observe that the Estate presented no evidence that Anthony ever withdrew Collins's funds, used them as collateral for a loan, received interest on them, benefited from them, or otherwise exerted any control over them. To the extent that Anthony might have "obtain[ed]" or "possess[ed]" Collins's funds for purposes of Indiana Code Section 35-43-4-1(a) as a joint owner of the accounts into which Wanda deposited the funds, there is no evidence that such was knowing or intentional, as required by Indiana Code Section 35-43-4-3(a).[4]

---

[3] Regarding the certificate of deposit, Anthony testified that Wanda "wanted somebody on the CD in case something happened to her. She wanted somebody out of the family on there, and I just happened to be the one." Tr. Vol. 2 at 119. When asked how his name got on the checking account into which Wanda deposited the $34,000, he testified, "Well, I guess they'd done that at the same time. I guess. I don't know." *Id.* at 120.

[4] Anthony disputes whether he was a joint owner of the checking account, but in his deposition he did not contradict opposing counsel's characterization of the account as one in which he was a "joint owner[.]" Ex. Vol. at 92.

Accordingly, we hold that the trial court clearly erred in concluding that Anthony converted Collins's property, and therefore we reverse the judgments against him.[5]

## Section 2 – The trial court did not clearly err in concluding that Wanda converted Collins's property.

[9] The Selfs also contend that the trial court erred in concluding that Wanda converted Collins's property. They concede that "there is evidence in the trial record indicating that Wanda knowingly exerted control over [Collins's] bank account" but assert that no evidence was presented that this control was unauthorized. Appellants' Br. at 17. We disagree. Wanda wrote Collins's signature on the checks instead of signing them as his agent, cashed the $1000 check, and deposited the $34,000 check in an account that he did not own, all without Collins's knowledge. From this evidence, a trier of fact reasonably could infer that Collins did not authorize Wanda's exertion of control over his property. Wanda's arguments to the contrary are merely invitations to reweigh the evidence, which we may not do. Therefore, we affirm the judgments against her.[6]

---

[5] We are unpersuaded by the Estate's reliance on *Clark-Silberman v. Silberman*, 78 N.E.3d 708 (Ind. Ct. App. 2017), because there is no evidence that Anthony ever knowingly or intentionally exerted control over Collins's funds.

[6] Consequently, we need not address Wanda's arguments regarding the trial court's award of damages and attorney's fees, which are premised on her assertion that she is not liable for conversion.

Affirmed in part and reversed in part.

May, J., and Pyle, J., concur.